May it please the Court. Good morning. My name is Francisco León and I am representing Mr. Valenzuela-Arisqueta. There's two issues in this case. The first is whether or not the district court's acceptance of a plea of guilty based on a colloquy with a magistrate judge means that jeopardy has attached. We contend that it has based on the Patterson case and that having jeopardy attached meant that the court could not thereafter on its own motion or on motion by the prosecution move to set aside that guilty plea but had to proceed to sentencing. The second issue, then, is whether or not the defendant could be sentenced to more than two years, which is what the change of plea colloquy informed him of as the maximum possible penalty at the change of plea. Well, let me ask you this. Do you agree that the Rule 11 colloquy was not adequate because Mr. Valenzuela-Arisqueta was not told of the possible 20-year sentence? No, I don't agree with that. I think because he was only charged with 1326A and the – that was the charge that was made by the prosecution. In fact, it was done pursuant to a plea agreement. Well, I guess, you know, I guess I'm finding that a little bit difficult to accept since, you know, having the – because I could see if he had gotten 20 years out of this, you would be here the other way around. And those of us that have made a bread and butter, you know, of our career taking pleas from people, you know, I mean, no judge wants to – it appears that the government could seek the 20-year enhancement based on the defendant's prior conviction. It appears from the record this was a conditional plea from the start, and that the two years is – and then your client has a conviction, which, you know, maybe he was hoping that they wouldn't find it, but apparently they did find it. And so then you have the magistrates, you know, telling the person that he was facing two years, but he was clearly facing 20 years. And for a judge to accept that as an adequate plea colloquy, I find that hard to believe that any judge would. Well, I think the problem is with the statute, 1326, which actually has three different penalties depending on what your record is. And there are a number of cases that say if the defendant has a prior record and the allegation is made that the government is going to seek enhanced punishment, whether for a simple felony or for an aggravated felony, then yes. But in this instance, the prosecution had made the prosecutorial choice to charge this defendant with 1326A. Well, but it's not – it really isn't that simple here, because this is one of those fast-track courts, right? Yes. And so you get people coming in, and I mean, it was really specific that if you don't have any prior felonies, then this is what you're looking at. But he did. And they found it. And the government exercised its discretion to withdraw from the plea agreement at that point, but the defendant had already pleaded guilty. And the magistrate judge had made findings and recommendations. Are conditional pleas no good? Pardon me? Are you arguing that a conditional plea is not a conditional plea? No, I'm saying that when he has pleaded guilty and he has – and the plea agreement allows the prosecution to withdraw from the plea agreement under some certain circumstances, yes, they can withdraw from the plea agreement, but the plea stands. He has admitted every element of the offense, and he has been given advice regarding the possible penalties on it. Now, what happened in this instance is – So the condition is meaningless? Well, I – I mean, that's the effect of what you're arguing. I think what the Court said in Patterson is accurate. In some instances, the fact that a defendant – or excuse me, not in Patterson but in Vasquez – is that once a defendant has pleaded guilty and the plea complies with all the terms of Rule 11, it doesn't matter that there's a plea agreement that the prosecution might withdraw from later on or whether the court may reject it later on. The defendant has pleaded guilty. And that is when jeopardy attaches. Well, I guess – I guess probably to prevail, if I understand your argument, you have to – you know, we would have to find that jeopardy attaches and that you have a colorable – that you have a colorable argument here. Otherwise, if this case really comes down to a defective – a defective Rule 11 colloquy, then if we said that every time there was a defective Rule 11 colloquy and that jeopardy attaches, that every time that happens that people are entitled to interlocutory appeals. So, I mean, there – you know, there are legal issues. There are also institutional issues that I'm sort of looking at here. And I know that in trial courts, this is not an infrequent type of thing that would occur. And so every time people get in some sort of, you know, spat over whether the defendant is entitled to it, does that mean that you always have a colorable double jeopardy argument? No, I don't think it does. But I think that the defendant certainly – once jeopardy has attached at that point, the defendant is entitled to be sentenced based on the colloquy that was conducted with him. But it was taken from a magistrate judge, and then the district judge has to decide whether to accept it, right? And she did. My understanding is they said it was – the district judge said it was defective. She said it was defective after she had already accepted it. When the prior came to light? No. If I may, what happened is the defendant was charged with 1326. He's made a plea offer for 12 months and a day. After he pleaded guilty, but before the plea was accepted, the government found out that the defendant had a prior conviction, an aggravated felony, and moved to withdraw from the plea. They didn't move to set aside the plea itself. They didn't move to say that the plea is defective. They said, we're not going to comply with the plea because this defendant has a prior aggravated felony. But there was no agreement. Essentially. At that point, the – even the prosecution argued there's no problem with the plea. The plea is fine. The court indicated at the status conference hearing that she was satisfied and she was not going to set aside the plea, but she was giving the defendant the option of withdrawing his plea. And the defendant did not withdraw his plea. At the status conference at the last hearing, the judge said, well, the prosecution says the plea is defective because you weren't told about the maximum penalties. He was told of the maximum penalties for the charge he was facing at the time. At that point, although the court has already accepted, the district court has already accepted the plea, she sets aside the guilty plea. And I'm saying that that violates double jeopardy because the plea has already been accepted to a charge which was valid and the advice was correct. But if it was conditional on him not having a prior felony conviction and he had a prior felony conviction, isn't that a chink in the armor here? I don't believe so, because this Court has pointed out in a number of cases that there's a difference between a plea of guilty and the terms of a plea agreement. The terms of the plea agreement may be rejected by the court at any time, even after it's been accepted. And the government, as in this case, properly said, look, we found out that he has an aggravated plea or an aggravated felony, so we're withdrawing from the plea agreement so the defendant doesn't get the benefit of what he's bargained for, but you can't just simply set aside the plea of guilty because it's completely the same. But if the judge says I can't give you two years, I cannot, you know, you put the system in a trick bag in a sense that, you know, judges ultimately have to be responsible to the defendants and society in terms of when they impose pleas and to the guidelines and all of those things. And now the government's going to prove up that could put a 20-year enhancement in place. They would be able to do that at sentencing that's not required of a trial. And the judge is saying I can't have my hands tied with a two-year, you know, something that's wrong when, in fact, the defendant played into a situation most likely knowing that he had a prior conviction and then it just, oops, we find out. Well, I will refer to what this Court said in Garcia Aguilar. The government makes the choice to make the charge and make the offer. Later on, they make a they find out that they've made a mistake. Should the defendant now be required to pay for the government? Well, the defendant knew it was a mistake the second that it happened and is hoping that no one finds out. Well. You know, and I don't fault him for trying. But by the same token, at the end, you're asking us to make this a double jeopardy case in interlocutory appeals. Because jeopardy has attached. Once the Court accepted the plea, it did attach. He's been advised of what the possible consequences are. And now it's the prosecution who wants to up the ante, if you will, at the change at sentencing. Your time is down to 30 seconds. Do you want, if I'll give you a minute for rebuttal, do you want to do that? That would be fine. Okay, thanks. Good morning. Good morning. May it please the Court. My name is Matthew Castle. I represent the United States in this case. I think the crux of the case from the government's standpoint is that this is a Rule 11 case, not a double jeopardy case. Well, if this had been an unconditional plea, would Mr. Leone have a better argument? Perhaps. I think one of the issues, one clarification I did want to make is that if you look at Mr. Leone's own excerpts, page 4, which contains the actual indictment, there is no subsection in the indictment. It is just a straight 1326 indictment, which encompasses both subsections A, B-1, and B-2. And that's one clarification I did want to make. I think it's an important clarification to make because a magistrate giving an advisement regarding a two-year statutory maximum. So what does that, where does that two years come from? Well, the two years comes from subsection A. The two years came from the proposed plea agreement. The proposed plea agreement assumed that there were no, and in Tucson we have different plea agreements based on different criminal histories. The government's belief going in was that the defendant did not have any aggravated felonies or any felonies of any kind, so we gave him a 1326A plea agreement. That obviously was mistaken. We found out after the plea of guilty that it was mistaken and moved to withdraw. And in moving to withdraw, we researched Covey and Sandoval, found that we did not have to go back to square one because the district court could then advise the defendant as to the 20-year statutory maximum that he now faced because he had an aggravated felony on his record. She did do that at the first hearing where a good chunk of the argument took place. That was the hearing in October. The district court judge did advise the defendant of that 20 years. She gave him the opportunity to stay with his plea and be subjected to the 20-year maximum or withdraw. And then we came back a few weeks later. So what did the defendant, so the defendant was thinking about it. That's correct. You know, I believe Mr. Leone represented to the court that he was going to talk to his client. I believe the court gave him two weeks to respond, and there was no response. He did file a pleading, but there was no actual withdrawal of the guilty plea. So at that point, the district court judge accepted his plea. And then I think, I can't get into the district court judge's mind, but I believe at that point she then thought, wait a minute, he was advised of a two-year maximum, so perhaps we need to go back to re-accepting that. So the Rule 11 colloquy was based upon the assumption that there was no prior conviction and the colloquy was no prior conviction.  Correct. And I don't think necessarily that the district court judge had to vacate the guilty plea. The government's position is that she could have proceeded, advised him of a 20-year maximum, asked him if he, as she did at the initial hearing, asked him, do you want to proceed, and left it to the defendant. Instead, she vacated it and we're left with this decision. Well, let's just say that if none of this had happened and then he got the 20 years after you proved up the aggravated felony at the sentencing, wouldn't the defendant have a pretty good appeal here? In terms of if the Rule 11 colloquy, let's say they hadn't caught the Rule 11, and then the defendant comes in that day and you prove up that and ask for 20 years, and the judge says, well, that's exactly right. You misrepresented that you didn't have any prior felonies and this is the way it would be right back here, except you'd be sitting at different tables and arguing this in different orders. Well, under Covey and Sandoval, the district court judge, and a magistrate judge can advise a defendant as to the maximum as he's pleading guilty, but really the one, the advisal that counts is the one that the district court judge makes at the sentencing hearing. And she could, the government's perspective under Covey and Sandoval is that the maximum, and if it's a change from what the magistrate judge advised him of, she gave, she let him know of that change and gave him the opportunity. I think the court's point is well taken that it would be a much stronger appeal if a magistrate judge gives you a two-year maximum and then a district court judge comes back and gives you 20 and everything goes forward and the defendant feels sandbagged. But that certainly wasn't the case here. One other point I wanted to make was that the defendant puts quite a bit of emphasis on the Garcia-Aguilar case. Well, I think he argues that as his best case, standing for the proposition. So tell us what your motivation is on that. The government would argue that there's a couple big problems with Garcia-Aguilar. One is that it's not really applicable to this case because in that case the indictment did not allege a prior removal date. And that's huge under Covey and Sandoval. Covey and Sandoval says you have to allege a removal date. The removal date is the most important date because it places some timeline context to the defendant's, the steps in the defendant's journey. You have a prior conviction, then a removal, and then a reentry. That's what Covey and Sandoval requires. But it's the deport date that matters because if you're not, the government is not expected to allege the prior conviction, only the prior deport. That's what the government did in this case. Mendoza-Zaragoza, which I cited in my brief, is much more applicable to this case because the indictments are very similar. They only allege removal date. They don't allege any prior conviction. And also there were similar contentions in Mendoza-Zaragoza as to the defendant here. Mendoza-Zaragoza alleged a two-year statutory maximum versus a 20. And the Court refuted that, directly refuted that. And the Court also addressed the Garcia-Aguilar case that the defendant relies so much on and limited its holding to the exact set of facts that we're dealing with here. So the government would ask the Court to adhere to the Covey and Sandoval and Mendoza-Zaragoza cases because they're much more applicable to the set of facts that we have here. Obviously, the specific set of facts where the government becomes aware of a conviction later in the game than anyone would like, that's not going to be found in too many cases, but yes. Sotomayor, Supreme Court has under advisement a case named United States against Aileen, which we're all expecting to come down in a couple of weeks. Do you think we should hold this case for Aileen? I suppose if we want to err on the side of caution, I suppose that might not be a bad idea. If the Court were to accept the positions of Justices Scalia and Thomas in the Apprendi case, this could be a whole new ballgame, couldn't it? It could be. You know, because of the specific nature of the 1326 statute, the government's understanding of that, Lecovy and Sandoval, it — Listening to your argument today, it sounded to me like you were making a tremendous argument that Justices Scalia and Thomas are right. The government ought to have to charge it in the indictment. They ought to have to prove it up, and then we wouldn't have any of these problems, would we? That — well, I can see some significant logistical issues to that in Tucson, because of the sheer number of defendants we have to deal with. It would put us to quite a test there. From a national perspective, these prior convictions are potent weapons. Sure. And understand, the government, we understand that the difference between a two-year statutory maximum and a 20-year, it's a huge difference. It would make a difference in how you do business. Would it make a difference in whether jeopardy is attached here? Your Honor, as to the double jeopardy claim that the defendant has, the problem that the government has with the double jeopardy claim and whether jeopardy is attached is that all of it's based on this false premise that the indictment is somehow incorrectly charged. And it's not. There's no allegation of visa or aid. How would you define the word colorable? We haven't done that very well, have we? I can't define colorable. Well, the definition of colorable is under the Abney line of cases, whether or not it has any viability. And the government's standpoint is — government's perspective on here is that there is no colorable claim simply because of this false premise that the defendant's operating under. It's taken us a half-hour to kind of sort this out. Well, that's true. That's true. I probably should have put my — To what degree should we take into consideration the importance of the double jeopardy clause in our Constitution, determining whether the right is colorable or not? Oh, I think — I mean, obviously, nobody — I don't think anybody would look at the double jeopardy clause and suggest that it's — that it's not an important right. It's a tremendously important right. However, to apply that important clause to this kind of factual scenario, I think it's taking it too far. In this case, when did jeopardy attach? From the government's standpoint, the jeopardy would have attached when the court accepted his plea of guilty. But the government's standpoint is that — The district court. I'm sorry. Yes, sir. Yes, ma'am. The district court judge accepted his plea of guilty. But the problem is, is that original jeopardy never — it was never terminated in this case. There was never double jeopardy. Exactly. The original — there's only been one indictment. It's the only indictment. And that's the indictment that stands over the defendant right now. So if I — if I were to kind of summarize your argument, then just — Valenzuela pled guilty to an indictment that stated only he violated 8 U.S.C. Section 1326. Yes, ma'am. And hoping or believing that he faced a maximum possible sentence of two years. And, in fact, under Ninth Circuit law, his prior conviction, as it currently exists, allows the government to seek a 20-year sentence under 1326b2, even though the prior conviction is not mentioned in the indictment and need not be proven. And that's the Mendoza-Zaragoza. Yes, ma'am. But then, arguably, the expansive language in Garcia Aguilar is cabined by Ninth Circuit opinions in Covian, Sandoval, and Mendoza-Zaragoza, is what you're saying that Valenzuela's exposure also rendered the Rule 11 colloquy defective because he was not informed of the possible 20-year sentence. And so that the district court properly rejected what was considered a defective plea and allowed on the option of pleading to the existing indictment or going to trial, and that the district court didn't terminate jeopardy that — and that didn't terminate the jeopardy that attached when he tendered his guilty plea. So there's only one jeopardy. So am I getting your argument right? Yes. Okay. And, in fact, I wish I'd put it that way. We wouldn't have — All right. Well, I just want to make sure I understand what you're saying here. Yes. Okay. All right. We've taken you over. So unless there's further questions, I'm going to allow — I'm going to give you two minutes for rebuttal on that since we took him over a little bit, too. Thank you. Thank you. I think the problem with Mendoza-Saragosa is this. The defendant in that case was charged similarly to Mr. Valenzuela-Rizqueta. The problem is that when he was doing his change of plea, the judge told him, you're facing a 20-year possible penalty. And he said, no, I'm not, because I'm only charged with 1326A. And the court refused to accept his plea of guilty. What he did then is enter a conditional plea where he said that he understood that he was subject to enhanced penalties under subsection B of 1326. And the issue in that case for this Court was whether or not it was an abuse of discretion by the district court to reject his plea under the circumstances that he was trying to enter a plea. That's not what we have here. Here we have the prosecution, the defense, the judge, magistrate judge, everybody's on the same page, 1326, two-year offense, knowing, intelligent, and voluntary admission made. Cobian-Sandoval is a little bit different. Cobian-Sandoval, again, you have a defendant who's pleading guilty without a plea agreement, and he doesn't object to the fact that the, in fact, the court says he practically concedes, that he recognizes he's subject to the enhanced penalties because of his prior aggravated felony. I think that's a little bit different from what we have here. And Salazar-Lopez, same problem. The defendant doesn't really challenge that. It's a Prendi error, but it's a Prendi error in the sense that it's a sentencing issue and is subject to review for harmless error. In this instance, what you're asked, what the prosecution is asking the court to do is say, even though the defendant was incorrectly advised of the penalties according to them because he does have a prior aggravated felony, you don't even need to set aside the plea because he's already pleaded to the offense and we can ask for enhanced penalties, even though the defendant was never given notice of them. Those are the primary issues that I have. I think, as I say, once the court accepts the plea of guilty to a properly advised change of plea, the court, the prosecution and the defendant are bound by that. In this instance, it's a maximum of two years. Thank you both for your argument. This matter will stand submitted. You both showed excellent understanding of the relevant cases, and we appreciate a good argument in a case.
judges: Schroeder, Ripple, Callahan